**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

Joey Frank Montoya,
Plaintiff
-vs-
Unknown Saeg, et al.,
Defendants.

CV-13-1491-PHX-ROS (JFM)

**Report and Recommendation**

**Background** - In its Order filed February 20, 2014 (Doc. 13), the Court ordered Plaintiff to file a memorandum showing cause why this case should not be dismissed without prejudice for failure to effect service.

On March 11, 2014, Plaintiff wrote a letter, which the Clerk of the Court has docketed as a Motion for Status (Doc. 15). That motion was stricken as being an improper communication with the Court. (Order 3/14/14, Doc. 16.) Plaintiff was given an additional 14 days to file a response to the Order to Show Cause. Plaintiff has not responded.

**Application of Law to Facts** - Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."

Plaintiff's First Amended Complaint (Doc. 7) was filed on October 4, 2013. The

Court's service Order (Doc. 8) was entered on December 10, 2013. A review of the Court's file reflects that service on the sole remaining defendant, Defendant Saeg, was returned unserved on January 28, 2014. (Doc. 11.) Under the foregoing rules, service in this matter should have been completed by February 10, 2014.

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

Plaintiff has not responded to the Court's Order to show Cause and has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Saeg.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), this case be **DISMISSED WITHOUT PREJUDICE**.

### EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within

which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: April 8, 2014

13-1491o Order 14 04 07 re RR Dismiss FTSrv.docx

_____
James F. Metcalf
United States Magistrate Judge